In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00798-CR

____________


CARLOS HUMBERTO MORALES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court 

Harris County, Texas

Trial Court Cause No. 1202233






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. Appellant, Carlos Humberto Morales,
pleaded no contest to the offense of aggravated sexual assault of a child-under 14
years of age. In accordance with his plea bargain agreement with the State, the trial
court sentenced appellant to confinement for 12 years. Along with the plea,
appellant, appellant's counsel, and the State signed a stipulation of evidence which
included, among other things, the following statements: "I intend to enter a plea of
no contest and understand that the prosecutor will recommend that my punishment
should be set at 12 years TDC; I agree to that recommendation. . . Further, I waive my
right of appeal which I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor." The trial court's judgment is
stamped, "Appeal waived. No permission to appeal granted." 

 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court's permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely notice of appeal. This
appeal followed.

 We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal "without further action." Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006). Accordingly, we dismiss the appeal for lack of jurisdiction.

 We deny any pending motions as moot.

PER CURIAM

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).